**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| JOSHUA HUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 2018 L 012549 |
| | ) | |
| THOMAS RAY BARNES, JR. and | ) | |
| CITY OF CHICAGO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW**

NOW COMES Plaintiff, JOSHUA HUTTON, by and through his attorneys, KAVENY + KROLL, LLC, complains of the Defendants, THOMAS R. BARNES and CITY OF CHICAGO, stating as follows:

**Facts Common to All Counts**

1. Plaintiff, JOSHUA HUTTON ("Plaintiff") resides in Chicago, County of Cook, Illinois.

2. On November 21, 2017, Defendant, THOMAS R. BARNES (Defendant BARNES), resided in Chicago, Illinois.

3. On November 21, 2017, and at all relevant times herein, Defendant BARNES was a Chicago Police Officer, Star #8426.

4. On November 21, 2017, and at all relevant times herein, the City of Chicago was a municipal corporation, organized and existing under the laws of the State of Illinois.

5. On November 21, 2017, and at all relevant times herein, the City of Chicago, through the Chicago Police Department, employed Defendant BARNES as a police officer.

1

6. On November 21, 2017, at approximately 7:30 a.m., Plaintiff was lawfully riding his bicycle southbound in a designated bicycle lane on Clark Street in the City of Chicago.

7. On November 21, 2017, at approximately 7:30 a.m., Defendant BARNES was driving his vehicle southbound on Clark Street in the City of Chicago directly in front of Plaintiff.

8. On November 21, 2017, while riding his bicycle southbound on Clark Street in the designated bicycle lane, Plaintiff saw the vehicle driven by Defendant BARNES was blocking Plaintiff's ability to travel in that designated bicycle lane.

9. Upon noticing the obstruction caused by Defendant BARNES, Plaintiff attempted to pass the vehicle driven by Defendant BARNES on the left side in order to continue lawfully riding his bicycle in the designated bicycle lane.

10. After Plaintiff attempted to pass the vehicle driven by Defendant BARNES, Plaintiff and Defendant BARNES met at a stoplight, at which point Plaintiff asked Defendant BARNES to move out of the designated bicycle lane.

11. In response to Plaintiff's request, Defendant BARNES asked Plaintiff whether he wanted to fight, and began harassing Plaintiff with his vehicle by weaving in and out of the designated bicycle lane and increasing and/or decreasing his speed to continue obstructing Plaintiff's lane of travel.

12. Plaintiff and Defendant BARNES then met at a stoplight, at which point Defendant BARNES exited his vehicle, pushed and/or struck Plaintiff, knocking him to the ground, and physically attacked him.

13. Multiple witnesses saw all or part of the altercation between Defendant BARNES and Plaintiff.

14. Upon information and belief, at some point after the incident, a call was made to the Chicago Police Department to report to the scene.

15. Shortly after the incident, a City of Chicago ambulance arrived on scene to assess and/or treat to the injuries Plaintiff received as a result of the incident.

16. After the City of Chicago ambulance arrived to assess and/or treat Plaintiff's injuries, Officer Hakeem Qazi (Star #4002), Officer Brian Galvan (Star #16381), and Sergeant Polick (Star #1866), responded to the scene (collectively, "Responding Officers").

17. Officer Brian Galvan took Plaintiff's statement while he was being assessed and/or treated in the ambulance for his injuries caused by Defendant BARNES, which was memorialized in an Original Case Incident Report narrative.

18. Officer Hakeem Qazi took Defendant BARNES's statement, which was memorialized in an Original Case Incident Report narrative.

19. After Plaintiff gave his initial statement to Officer Brian Galvan, he was taken by ambulance to the Presence Saint Joseph's Hospital for further observation and/or treatment for his injuries.

## COUNT I
**Battery v. Thomas R. Barnes**

20. Plaintiff re-pleads and re-alleges paragraphs 1 through 19 and fully incorporates the same herein.

21. Defendant BARNES's violent attack of Plaintiff was a nonconsensual, intentional act, made with the intent to harm Plaintiff.

22. Defendant BARNES made harmful, unauthorized physical contact with Plaintiff.

23. As a direct and proximate result of Defendant BARNES's violent attack of Plaintiff, Plaintiff suffered injuries of a personal and pecuniary nature.

3

WHEREFORE, Joshua Hutton demands judgment against Thomas R. Barnes for a sum in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT II
### Battery v. City of Chicago (Agency)

24. Plaintiff re-pleads and re-alleges paragraphs 1 through 23 and fully incorporates the same herein.

25. As previously stated herein, on November 21, 2017 and at all relevant times herein, Defendant BARNES was employed by CITY OF CHICAGO via the Chicago Police Department.

26. Defendant BARNES claims the incident complained of occurred when he was attempting to effect arrest and/or detain Plaintiff for allegedly damaging Defendant BARNES's vehicle.

27. As a result, Defendant BARNES was acting in the scope of his employment as a Chicago Police Department officer when he punched and/or struck Plaintiff to the ground in his alleged attempt to effect the arrest of and/or detain Plaintiff.

28. A person commits battery if he knowingly and without legal justification makes harmful, unauthorized physical contact with an individual.

29. That, CITY OF CHICAGO, by and through its duly authorized actual or apparent agents, servants and employees, including Defendant BARNES, owes a duty to refrain from committing batteries on private citizens, such as Plaintiff.

30. In violation of its aforesaid duty, CITY OF CHICAGO, by and through its duly authorized actual or apparent agent, servant and/or employee, Defendant BARNES, made harmful, unauthorized physical contact with Plaintiff.

31. As a direct and proximate result of Defendant BARNES's violent attack of Plaintiff, Plaintiff suffered injuries of a personal and pecuniary nature.

WHEREFORE, Joshua Hutton demands judgment against the City of Chicago for a sum in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT III
### Assault v. Thomas R. Barnes

32. Plaintiff re-pleads and re-alleges paragraphs 1 though 19 and fully incorporates the same herein.

33. Defendant BARNES's words, gestures, and actions prior to his nonconsensual, harmful contact with Plaintiff were committed with the intent to threaten to inflict injury upon Plaintiff and were coupled with the ability to cause said harm.

34. As a direct and proximate result of Defendant BARNES's words, gestures, and actions prior to his nonconsensual, harmful contact with Plaintiff, Plaintiff reasonably anticipated imminent bodily harm and/or offensive contact upon himself.

WHEREFORE, Joshua Hutton demands judgment against Thomas R. Barnes for a sum in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT IV
### Assault v. City of Chicago (Agency)

35. Plaintiff re-pleads and re-alleges paragraphs 1 though 19 and fully incorporates the same herein.

36. Plaintiff re-pleads and re-alleges paragraphs 33-34 and fully incorporates the same herein.

37. As previously stated herein, on November 21, 2017 and at all relevant times herein, Defendant BARNES was employed by CITY OF CHICAGO via the Chicago Police Department.

5

38. Defendant BARNES claims the incident complained of occurred when he was attempting to effect arrest and/or detain Plaintiff for allegedly damaging Defendant BARNES's vehicle.

39. As a result, Defendant BARNES was acting in the scope of his employment as a Chicago Police Department officer when he punched and/or struck Plaintiff to the ground in his alleged attempt to effect the arrest of and/or detain Plaintiff.

40. A person commits assault if he directs an intentional act toward an individual that causes the individual reasonable apprehension of an imminent, offensive contact with the individual's person.

41. That, CITY OF CHICAGO, by and through its duly authorized actual or apparent agents, servants and employees, including Defendant BARNES, owes a duty to refrain from committing assaults on private citizens, such as Plaintiff.

42. In violation of its aforesaid duty, CITY OF CHICAGO, by and through its duly authorized actual or apparent agent, servant and/or employee, Defendant BARNES, caused Plaintiff reasonable apprehension of an imminent, offensive contact with his person.

43. As a direct and proximate result of Defendant BARNES's words, gestures, and actions prior to his nonconsensual, harmful contact with Plaintiff, Plaintiff reasonably anticipated imminent bodily harm and/or offensive contact upon himself.

WHEREFORE, Joshua Hutton demands judgment against Thomas R. Barnes for a sum in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT V
**42 U.S.C. § 1983 – (Fourth Amendment – Excessive Force) v. Officer Thomas R. Barnes**

44.     Plaintiff re-pleads and re-alleges paragraphs 1 through 19 and fully incorporates the same herein.

45.     Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

46.     On November 21, 2017, Plaintiff had a clearly established constitutional right to be free from excessive force.

47.     Circumstances relevant to the reasonableness of the officer's conduct include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

48.     Plaintiff did not pose any threat to Defendant BARNES or others at the time of the occurrence.

49.     As described herein, Defendant BARNES's use of force against Plaintiff was not reasonable under the circumstances.

50.     By his conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, Defendant BARNES is liable for violation of 42 U.S.C. 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

51.     As a direct and proximate result of Defendant BARNES's unlawful actions, Plaintiff has suffered and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

WHEREFORE, Joshua Hutton demands judgment against Thomas R. Barnes for a sum in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

## COUNT VI
**Unlawful Policy and Practice (*Monell* Claim) v. City of Chicago**

52. Plaintiff re-pleads and re-alleges paragraphs 1 though 19 and fully incorporates the same herein.

53. Plaintiff re-pleads and re-alleges paragraphs 45-51 and fully incorporates the same herein.

54. Upon arrival on scene, Plaintiff was visibly injured and/or receiving treatment in the ambulance that arrived on scene prior to the arrival of the Responding Officers.

55. Upon arrival on scene, Officer Hakeem Qazi and/or Officer Brian Galvan learned that Defendant BARNES was a Chicago Police Department officer.

56. Upon learning Defendant BARNES was a Chicago Police Department officer, Officer Hakeem Qazi and/or Officer Brian Galvan requested a sergeant report to the scene.

57. Upon request from officers at the scene, Chicago Police Department Sergeant, Thomas Polick, reported to the scene.

58. The Responding Officers knew and/or should have known, pursuant to appropriate canvassing of the area, that multiple eyewitnesses observed the incident between Plaintiff and Defendant BARNES.

59. The Responding Officers knew and/or should have known that, if appropriately interviewed, such eyewitnesses would have been able to offer testimony supporting Plaintiff's claims against Defendant BARNES.

60. The CITY OF CHICAGO, through the Chicago Police Department, its members, agents, and police officers, has an unwritten custom, policy, and/or practice of unlawfully favoring off-duty officers, like Defendant BARNES, who are implicated in criminal conduct.

61. Pursuant to this unlawful custom, policy, and/or practice, investigating police officers refuse and/or decline to adequately investigate, discipline, charge, report, and/or arrest fellow officers who are implicated in criminal conduct, such as battery and assault, while off-duty.

62. This unwritten custom, policy, and/or practice is unlawful as it approves, encourages, and promotes a continued pattern of allowing officers, such as Defendant BARNES, to break the law and otherwise engage in misconduct with civilians, including assault and battery, without fear of legal consequences.

63. Pursuant to the unwritten custom, policy, and/or practice described above, the Responding Officers and subsequent officers, investigators, and detectives with the Chicago Police Department refused and/or declined to adequately investigate, charge, discipline, report and/or arrest Defendant BARNES merely based on his status as a Chicago Police Department officer.

64. At all times material to this Complaint, the Chicago Police Department has interrelated *de facto* policies, practices, and customs related to civilian encounters with off-duty officers which included, *inter alia*:

   a) Failing to conduct requisite investigation of criminal complaints against off-duty officers;

   b) Failing to train officers and detectives to conduct proper investigation into criminal complaints against off-duty police officers; and/or

   c) Failing to report criminal complaints against off-duty police officers to appropriate supervisor(s);

65. The interrelated policies, practices, and customs alleged above were well known within the Chicago Police Department and, during the relevant time period, Chicago Police Department sergeants, detectives, and/or officers had notice of and furthered these widespread practices.

66. The acceptance of these policies, practices, and customs alleged above allow Chicago Police Department officers, whether on or off duty, to commit unlawful acts, such as those alleged herein, with impunity, thus condoning rather than detecting and deterring such conduct.

67. The interrelated policies, practices, and customs alleged above were the direct and proximate cause of the unconstitutional acts committed by employees and/or agents of the Chicago Police Department and the injuries suffered by Plaintiff.

68. Defendant, CITY OF CHICAGO, by and through the Chicago Police Department sergeants, detectives, and officers, has acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by Defendant, CITY OF CHICAGO, Plaintiff's constitutional rights have been violated which has caused his to suffer physical, mental, and emotional injury, and pain, mental anguish, suffering, humiliation, and embarrassment.

WHEREFORE, Joshua Hutton demands judgment against the City of Chicago for a sum in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois.

                                                  Respectfully submitted,
                                                  JOSHUA HUTTON,

By:         */s/ Ava B. Gehringer*
                 One of the Attorneys for Plaintiff

**Exhibit A (Page 11 of 11)**

Jeffrey J. Kroll
Ava B. Gehringer
KAVENY + KROLL LLC - 63499
Two Prudential Plaza
130 E. Randolph St., Suite 2800
Chicago, IL 60601
T: 312.761.5585
jeffrey@kavenykroll.com
ava@kavenykroll.com