# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JOSHUA HUTTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2020 C 3997 |
| THOMAS RAY BARNES, JR. and CITY OF CHICAGO | ) |
| Defendant. | ) |

## DEFENDANT BARNES' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND JURY DEMAND

NOW COMES the Defendant, retired Chicago Police Officer Thomas Ray Barnes Jr., (hereinafter "Defendant,"), by and through one of his attorneys, Emily E. Dory, Assistant Corporation Counsel for the City of Chicago, and for his Answer to Plaintiff's Second Amended Complaint at Law, Affirmative Defenses, and Jury demand, states as follows:

### Facts Common to All Counts

1. Plaintiff, JOSHUA HUTTON ("Plaintiff") resides in Chicago, County of Cook, Illinois.

**ANSWER**: Defendant lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained within this paragraph.

2. On November 21, 2017, Defendant, THOMAS R. BARNES (Defendant BARNES), resided in Chicago, Illinois.

**ANSWER**: Defendant admits the allegations contained within this paragraph.

3. On November 21, 2017, and at all relevant times herein, Defendant BARNES was a Chicago Police Officer, Star #8426.

**ANSWER**: Defendant admits the allegations contained within this paragraph.

4. On November 21, 2017, and at all relevant times herein, the City of Chicago was a municipal corporation, organized and existing under the laws of the State of Illinois.

**ANSWER**: Defendant admits the allegations contained within this paragraph.

5. On November 21, 2017, and at all relevant times herein, the City of Chicago, through the Chicago Police Department, employed Defendant BARNES as a police officer.

**ANSWER**: Defendant admits the allegations contained within this paragraph.

6. On November 21, 2017, at approximately 7:30 a.m., Plaintiff was lawfully riding his bicycle southbound in a designated bicycle lane on Clark Street in the City of Chicago.

**ANSWER**: Defendant admits that on November 21, 2017, at approximately 7:30 a.m., Plaintiff was riding a bicycle on Clark Street in the City of Chicago. Defendant further lacks the knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained within this paragraph.

7. On November 21, 2017, at approximately 7:30 a.m., Defendant BARNES was driving his vehicle southbound on Clark Street in the City of Chicago directly in front of Plaintiff.

**ANSWER**: Defendant admits that on November 21, 2017, at approximately 7:30 a.m., Defendant was driving his vehicle southbound on Clark Street in the City of Chicago, Defendant denies that the remaining portion of this paragraph accurately depicts the events as they occurred and therefore denies.

8. On November 21, 2017, while riding his bicycle southbound on Clark Street in the designated bicycle lane, Plaintiff saw the vehicle driven by Defendant BARNES was blocking Plaintiff's ability to travel in that designated bicycle lane.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

9. Upon noticing the obstruction caused by Defendant BARNES, Plaintiff attempted to pass the vehicle driven by Defendant BARNES on the left side in order to continue lawfully riding his bicycle in the designated bicycle lane.

**ANSWER**: Defendant admits that at some point on November 21, 2017, Plaintiff, on his bicycle, was located on the left side of Defendants vehicle. Defendant denies the remaining allegations contained in this paragraph.

10. After Plaintiff attempted to pass the vehicle driven by Defendant BARNES, Plaintiff and Defendant BARNES met at a stoplight, at which point Plaintiff asked Defendant BARNES to move out of the designated bicycle lane.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

11. In response to Plaintiff's request, Defendant BARNES asked Plaintiff whether he wanted to fight, and began harassing Plaintiff with his vehicle by weaving in and out of the designated bicycle lane and increasing and/or decreasing his speed to continue obstructing Plaintiff's lane of travel.

**ANSWER**: Defendant denies the allegations contained in this paragraph.

12. Plaintiff and Defendant BARNES then met at a stoplight, at which point Defendant BARNES exited his vehicle, pushed and/or struck Plaintiff, knocking him to the ground, and physically attacked him.

**ANSWER**: Defendant admits that at some point Defendant exited his vehicle, but further denies all remaining allegations in this paragraph and deny any allegation of wrongdoing alleged within.

13. Multiple witnesses saw all or part of the altercation between Defendant BARNES and Plaintiff.

**ANSWER**: Defendant lacks the knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained within this paragraph.

14. Upon information and belief, at some point after the incident, a call was made to the Chicago Police Department to report to the scene.

**ANSWER**: Defendant admits that at some point after the incident between Defendant and Plaintiff, Defendant placed a phone call. Defendant denies that the phone call was to the "Chicago Police Department," but admits that he called 911.

15. Shortly after the incident, a City of Chicago ambulance arrived on scene to assess and/or treat to the injuries Plaintiff received as a result of the incident.

**ANSWER**: Defendant admits the allegations contained within this paragraph but lacks the knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained within this paragraph and further denies any allegations of wrongdoing alleged within.

16. After the City of Chicago ambulance arrived to assess and/or treat Plaintiff's injuries, Officer Hakeem Qazi (Star #4002), Officer Brian Galvan (Star #16381), and Sergeant Polick (Star #1866), responded to the scene (collectively, "Responding Officers").

**ANSWER**: Upon information and belief, Defendant admits the allegations contained within this paragraph.

17. Officer Brian Galvan took Plaintiff's statement while he was being assessed and/or treated in the ambulance for his injuries caused by Defendant BARNES, which was memorialized in an Original Case Incident Report narrative.

**ANSWER**: Upon information and belief, Defendant admits that Officer Brian Galvan took Plaintiff's statement while he was in the ambulance, and that this narrative was memorialized in an Original Case Incident Report narrative. Defendant further denies the remaining allegations in this paragraph and denies any allegations of wrongdoing alleged within.

18. Officer Hakeem Qazi took Defendant BARNES's statement, which was memorialized in an Original Case Incident Report narrative.

**ANSWER**: Defendant admits the allegations contained within this paragraph.

19. After Plaintiff gave his initial statement to Officer Brian Galvan, he was taken by ambulance to the Presence Saint Joseph's Hospital for further observation and/or treatment for his injuries.

**ANSWER**: Upon information and belief, Defendant admits Plaintiff was taken to a hospital by an ambulance, but further lacks knowledge or information necessary to form a belief as to the truth or falsity of the allegations contained within this paragraph.

## COUNT I
### Battery v. Thomas R. Barnes

20. Plaintiff re-pleads and re-alleges paragraphs 1 through 19 and fully incorporates the same herein.

**ANSWER**: Defendant incorporates his answers to paragraphs 1 – 19 as though fully restated herein.

21. Defendant BARNES's violent attack of Plaintiff was a nonconsensual, intentional act, made with the intent to harm Plaintiff.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

22. Defendant BARNES made harmful, unauthorized physical contact with Plaintiff.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

23. As a direct and proximate result of Defendant BARNES's violent attack of Plaintiff, Plaintiff suffered injuries of a personal and pecuniary nature.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

## COUNT II

### Battery v. City of Chicago (Agency)

Defendant makes no answer to count II of Plaintiffs' Amended Complaint as it is not directed against him. To the extent any of the allegations contained in count II of Plaintiff's Amended Complaint are directed against him, said allegations are denied.

### COUNT III
### Assault v. Thomas R. Barnes

32. Plaintiff re-pleads and re-alleges paragraphs 1 though 19 and fully incorporates the same herein.

**ANSWER**: Defendant incorporates his answers to paragraphs 1 – 19 as though fully restated herein.

33. Defendant BARNES's words, gestures, and actions prior to his nonconsensual, harmful contact with Plaintiff were committed with the intent to threaten to inflict injury upon Plaintiff and were coupled with the ability to cause said harm.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

34. As a direct and proximate result of Defendant BARNES's words, gestures, and actions prior to his nonconsensual, harmful contact with Plaintiff, Plaintiff reasonably anticipated imminent bodily harm and/or offensive contact upon himself.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

### COUNT IV
### Assault v. City of Chicago (Agency)

Defendant makes no answer to count IV of Plaintiffs' Amended Complaint as it is not directed against him. To the extent any of the allegations contained in count IV of Plaintiff's Amended Complaint are directed against him, said allegations are denied.

### COUNT V
### 42 U.S.C. § 1983 – (Fourth Amendment – Excessive Force) v. Officer Thomas R. Barnes

44. Plaintiff re-pleads and re-alleges paragraphs 1 through 19 and fully incorporates the same herein.

**ANSWER**: Defendant incorporates his answers to paragraphs 1 – 19 as though fully restated herein.

45. Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

**ANSWER**: Defendant admits that Plaintiff brings his claim under 42 U.S.C. § 1983 for an alleged violation of the Fourth Amendment of the U.S. Constitution. Defendant further denies any allegations of wrongdoing alleged within.

46. On November 21, 2017, Plaintiff had a clearly established constitutional right to be free from excessive force.

**ANSWER**: Defendant admits that on November 21, 2017, Plaintiff had an established constitutional right to be free from excessive force. Defendant further denies any allegations of wrongdoing alleged within this paragraph.

47. Circumstances relevant to the reasonableness of the officer's conduct include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

**ANSWER**: Defendant denies that this paragraph is a full and accurate statement of the law and therefore denies the allegations contained within this paragraph. Answering further, Defendant objects to this paragraph to the extent it is a legal conclusion and therefore is improperly plead and should be stricken from the complaint.

48. Plaintiff did not pose any threat to Defendant BARNES or others at the time of the occurrence.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

49. As described herein, Defendant BARNES's use of force against Plaintiff was not reasonable under the circumstances.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

50. By his conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his right to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, Defendant BARNES is liable for violation of 42 U.S.C. 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

51. As a direct and proximate result of Defendant BARNES's unlawful actions, Plaintiff has suffered and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**ANSWER**: Defendant denies the allegations contained within this paragraph.

## COUNT VI

### Unlawful Policy and Practice (*Monell* Claim) v. City of Chicago

Defendant makes no answer to count VI of Plaintiffs' Amended Complaint as it is not directed against him. To the extent any of the allegations contained in count VI of Plaintiff's Amended Complaint are directed against him, said allegations are denied.

### AFFIRMATIVE DEFENSES

1. At all relevant times Defendant Thomas Barnes was a government official, namely a police officer, who performs discretionary functions. A reasonable police officer, objectively viewing the facts and circumstances that confronted Defendant Thomas Barnes could have believed his or her actions to be lawful, in light of clearly established law and the information that Defendant possessed. Defendant Barnes is therefore entitled to qualified immunity as a matter of law.

2. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101, *et seq.*, Defendant Barnes is not liable for any state-law claims alleged because the decisions as to what actions to take concerning the acts alleged were discretionary decisions for which Defendant Barnes as an employee of the City of Chicago is immune from liability. 745 ILCS 10/2-201, 2-109 (West 2016).

3. Any award of damages against Defendant Barnes shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to his own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiff's Second Amended Complaint, 735 ILCS 5/2-1116 (2015) was in effect. This statute reduces a plaintiff's recovery according to the contributory negligence of a plaintiff and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

4. As to any state law claim alleged by Plaintiff, Defendant Barnes is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, "attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

5. Defendant Barnes cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claim(s) unless he individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal liability. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.

DATED: August 21, 2020

Respectfully submitted,

*/s/ Emily E. Dory*
EMILY E. DORY
Assistant Corporation Counsel
Attorney No. 6323830

Jessica Griff, Assistant Corporation Counsel Supervisor
Jessica Ziswa, Assistant Corporation Counsel
Emily Dory, Assistant Corporation Counsel
City of Chicago, Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-6423 (Phone)
(312) 744-6566 (Fax)
emily.dory@cityofchicago.org
***Attorneys for Defendant Barnes***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA HUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2020 C 3997 |
| | ) |
| THOMAS RAY BARNES, JR. and | ) |
| CITY OF CHICAGO | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

Jeffrey J. Kroll
Ava B. Gehringer
Kaveny & Kroll LLC
Two Prudential Plaza
130 E. Randolph St, Ste. 2800
Chicago, IL 60601

    PLEASE TAKE NOTICE that on this 21 day of August 2020, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.
    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 21st day of August 2020.


                                                  */s/ Emily E. Dory*
                                                Emily E. Dory
                                                Assistant Corporation Counsel