**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSHUA HUTTON,

      Plaintiff,

      v.

CITY OF CHICAGO, et al.

      Defendants.

No. 20-cv-03997
Judge Franklin U. Valderrama

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joshua Hutton (Hutton) alleges that while riding his bicycle in the bicycle lane southbound on Clark Street, in the City of Chicago (the City), off-duty Chicago Police Officer Thomas Ray Barnes, Jr. (Barnes), who was operating a motor vehicle southbound on Clark Street in and out of the bicycle lane, began harassing Hutton. Hutton claims that at a stoplight, Barnes exited his vehicle and struck and beat Hutton. Hutton subsequently filed this action against Barnes and the City, asserting the following counts: Battery against Barnes (Count I); Battery against the City based on agency (Count II); Assault against Barnes (Count III); Assault against the City, based on agency (Count IV); a Section 1983 Fourth Amendment claim against Barnes based on excessive force (Count V); and an Unlawful Policy and Procedure claim against the City (*Monell* claim) (Count VI). R. 1-1, Second Amended Complaint (SAC).[1] Before the Court is the City's Motion to Dismiss Count VI of

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

Hutton's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 15, Mot. Dismiss. For the reasons that follow, the City's motion is granted.

## Background

On the morning of November 21, 2017, Hutton was riding his bicycle southbound in a designated bicycle lane on Clark Street in the City. SAC ¶ 6.[2] At that time, Barnes was driving his motor vehicle southbound on Clark Street, directly in front of Hutton. *Id.* ¶ 7. Barnes' vehicle was in the designated bicycle lane, obstructing Hutton's ability to proceed in the designated bicycle lane. *Id.* ¶ 8. Hutton, at that point, attempted to pass Barnes' vehicle on the left side so he could continue riding his bicycle in the designated bicycle lane. ¶ 9. After meeting at a stoplight, Hutton asked Barnes to move out of the designated bicycle lane. *Id.* ¶ 10. Barnes did not comply with the request, but instead began to weave his vehicle in and out of the bicycle lane, as well as increase and decrease the speed of his vehicle, all the while obstructing Hutton's path in the bicycle lane. *Id.* ¶ 11. Hutton and Barnes met again at a stoplight, at which point, Barnes exited his vehicle and beat and injured Hutton. *Id.* ¶¶ 12, 23.

At some point following the incident, a call was made to the Chicago Police Department to report to the scene. SAC ¶ 14. An ambulance arrived shortly after the incident to assess and/or treat Hutton. *Id.* ¶ 15. After the ambulance arrived, Chicago Police Officers Hakeem Qazi and Brian Galvan responded to the scene. *Id.* ¶ 16.

---

[2]The Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

Officer Galvan took Hutton's statement while Hutton was being evaluated and/or treated in the ambulance. *Id.* ¶ 17. Meanwhile, Officer Quazi took Barnes' statement. *Id.* ¶ 18. After learning that Barnes was a Chicago Police Officer, Officers Quazi and/or Galvan requested a sergeant report to the scene. *Id.* ¶ 56. Sergeant Thomas Polick then arrived upon the scene. *Id.* ¶ 57. After Hutton gave his initial statement to Officer Galvan, Hutton was taken by ambulance to the hospital. *Id.* ¶ 19.

Hutton subsequently filed this action against Barnes, alleging state law claims for battery and assault, and a claim for excessive force pursuant to 42 U.S.C. § 1983 (Counts I, III, and V), and the City, seeking to hold the City responsible for Barnes' conduct based on the theory of *respondeat superior* (Counts II, IV) and alleging a *Monell* claim. SAC. The City now moves to dismiss Count VI of the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss.

**Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### Analysis

In Count VI, Hutton asserts a *Monell* claim against the City of Chicago. Specifically, Hutton alleges that the City has an unwritten custom, policy, or practice whereby investigating Chicago Police Officers refused or declined to, among other things, adequately investigate and/or arrest Chicago Police Officers implicated in criminal conduct. SAC ¶¶ 60–64.

A municipality may be held liable under Section 1983 only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible for under § 1983." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). Under *Monell*, "[a] municipality is a 'person' under § 1983 and may be held liable for its own violations of the federal Constitution and laws." *First Midwest Bank, Guardian of the Estate of Michael D. LaPorta v. City of Chi.*, 2021 WL 684365, at *4 (7th Cir. Feb. 23, 2021) (citing *Monell*, 436 U.S. at 690–91). "[A] municipality cannot be held liable for the constitutional torts of its employees and agents" under the doctrine of *respondeat superior*. *Id.* (citing *Monell*, 436 U.S. at 690–91). For a plaintiff to prevail on Section 1983 claim under *Monell*, he "must challenge

conduct that is properly attributable to the municipality itself." *Id.* (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997)).

To state a *Monell* claim, a plaintiff must allege that his or her constitutional injury was caused by: "(1) an express policy that would cause a constitutional deprivation if enforced; (2) a common practice that is so widespread and well-settled that it constitutes a custom or usage with the force of law even though it is not authorized by written law or express policy; or (3) an allegation that a person with final policy-making authority caused a constitutional injury." *Rossi v. City of Chi.*, 790 F.3d 729, 737 (7th Cir. 2015) (internal citations omitted); *Mack v. City of Chi.*, 2020 WL 7027649, *5 (N.D. Ill. Nov. 30, 2020). The plaintiff must also plead that the policy or custom is the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694–95.

The City moves to dismiss Count VI on the basis that Hutton's claim falls under the second category of *Monell* claims but that Hutton fails to allege sufficient facts to support a claim that the City maintains widespread policies or practices that violated his constitutional rights. Mot. Dismiss at 2, 4. According to the City, Hutton has not alleged any facts, other than his own single incident, that show a widespread custom or policy of investigating Chicago Police Officers refusing or declining to adequately investigate, discipline, charge, report, or arrest fellow Officers. *Id.* at 5. Courts in this District, submits the City, dismiss *Monell* claims where a plaintiff alleges only his own incident as an example of a policy or custom without alleging multiple such incidents. *Id.* (citing *Alcorn v. City of Chi.*, 2018 WL 3614010, at *17

5

(N.D. Ill. July 27, 2018); *Jordan v. Klamenrus*, 2020 WL 4547879, at *5 (N.D. Ill. Aug. 6, 2020); *Turner v. City of Chi.*, 2020 WL 1548957 at *2–3 (N.D. Ill. Mar. 31, 2020); *Jones v. Hunt*, 2020 WL 814912, at *2 (N.D. Ill. Feb. 19, 2020); *Bishop v. White*, 2019 WL 5550576, at *5 (N.D. Ill. Oct. 28, 2019); *Carmona v. City of Chi.*, 2018 WL 1468995, at *3 (N.D. Ill. Mar. 26, 2018)). In short, the City argues that because Hutton fails to allege more than one incident from which the Court can infer that the City has a widespread policy or practice that contributed to the violation of Hutton's constitutional rights, Hutton's claim fails. *Id.* at 6.

Hutton retorts[3] that while courts sometimes consider allegations of other similar instances of misconduct in determining the sufficiency of a *Monell* claim, that is not a requirement. R. 18, Resp. at 4. Indeed, asserts Hutton, a plaintiff need not "identify every other *or even one other individual*" whose rights were violated because of the same misconduct at the pleading stage. *Id.* at 4 (emphasis in original) (quoting *Jones v. Hunt*, 2020 WL 814912, at *2 (N.D. Ill. Feb. 19, 2020). Moreover, argues Hutton, the fact that a plaintiff's complaint fails to point to "a specific, articulated policy of the city is not fatal to a plaintiff's claim." *Id.* at 5. Instead, Hutton submits that the inquiry is whether the facts alleged in a complaint, together with reasonable inferences to be drawn from them, could lead a reasonable factfinder to conclude that

---

[3]Hutton, in his Response, also argues that discovery has revealed a coordinated cover-up of Barnes' conduct based on the fact that he was a Chicago Police Officer. Resp. at 6. In its Reply, the City urges the Court to disregard this argument, as Hutton seeks to amend his complaint via his Response, which is improper. R. 20, Reply at 2–3. The Court agrees and does not consider this argument in resolution of the City's motion. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (holding that it is an axiomatic rule that a "plaintiff may not amend his complaint in his response brief.")

the actions of the City and its employees, by which a plaintiff was constitutionally deprived of his right to bodily integrity, were the product of some policy or custom of the municipal entity. *Id.* (citing *Powe v. City of Chi.*, 664 F. 2d 639, 650 (7th Cir. 1981)).

Hutton is correct that "there is no blanket rule that *Monell* plaintiffs must always allege multiple instances of unconstitutional conduct in order to show that a policy exists." *Jackson v. Vill. of Justice*, 2020 WL 1530734, *3 (N.D. Ill. Mar. 31, 2020). The central issue then is as follows: how many, if any, other instances, must a plaintiff plead for a *Monell* claim based on widespread policy to survive a 12(b)(6) motion to dismiss? The SAC identifies no express policy or injury at the hand of a final policymaker, and Hutton does not argue in his Response that he relies on either theory. As such, the Court agrees with the City that his *Monell* claim is of the second type, and is based upon an informal policy that is so widespread, though unwritten, that it carries the force of policy. *See Rossi*, 790 F.3d at 737.

In *White v. City of Chicago*, 829 F.3d 837, 840–41 (7th Cir. 2016) the plaintiff alleged, under *Monell*, that the City of Chicago's widespread practice of securing arrest warrants on the basis of conclusory forms resulted in one officer falsely arresting the plaintiff without probable cause. The District Court granted the City of Chicago's 12(b)(6) motion to dismiss, finding that the *Monell* claim was based solely on his allegation that the arresting officer "acted in accordance with a widespread practice of the police department of the City of Chicago when seeking a warrant." *Id.* at 843 (citing *White v. City of Chi.*, 2014 WL 958714 at *2 (N.D. Ill. Mar. 12, 2014).

7

The Seventh Circuit disagreed, stating that federal courts may not apply a heightened pleading standard to *Monell* claims. *Id.* at 843–44 (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. and Coordination Unit*, 507 U.S. 163, 164 (1993)). The Seventh Circuit held that the plaintiff was not required "to identify every other or even one other individual who had been arrested pursuant to a warrant obtained through the complained-of process." *Id.* at 844. It found that the allegation in the plaintiff's complaint referring to the specific incident, together with the individual claim against the police officer and the standard printed form for an arrest warrant application was enough to satisfy Rule 8(a)'s "short and plain statement of the claim" requirement. *Id.* "Since *White*, many courts have declined to grant motions to dismiss that are premised on the argument that the complaint does not contain allegations beyond those relating to the plaintiff." *Mack*, 2020 WL 7027649, \*5 (collecting cases).

Since *White*, however, courts in this District, as noted by the City, have generally concluded that to properly state a *Monell* claim based on a custom or policy—absent context creating an inference of a widespread policy or custom, as in *White*—a plaintiff must allege *more* than his own single occurrence. Reply at 2 (citing *Alcorn*, 2018 WL 3614010, among other cases) (emphasis added). The rationale underpinning these decisions is that to adequately plead a *Monell* claim, a plaintiff "must identify other instances of misconduct similar to what he has experienced in order to show that there is a true municipal policy at issue, and not a random event." *Mack*, 2020 WL 7027649, at \*5 (internal quotations and citations omitted). No bright line exists as to how many violations it takes to make out a *Monell* claim, but as noted

8

above, generally "one instance is not enough." *Slabon v. Sanchez*, 2020 WL 5763760, at \*11 (N.D. Ill. Sept. 28, 2020) (citing *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010)). The Court finds *Jackson*, 2020 WL 1530734, instructive.

In *Jackson*, the plaintiff brought a civil rights action against the defendant Village and several police officers, alleging excessive force by the officers. 2020 WL 1530734, at \*1. He alleged a claim under *Monell*'s second category, asserting that the Village had failed to properly train its officers, lacked adequate policies related to training, and maintained a code of silence, which ratified officer misconduct. *Id.* at \*3. The Village moved to dismiss the plaintiff's *Monell* claim, arguing that the plaintiff failed to allege any other instance of unconstitutional conduct in which police offers were not reprimanded or disciplined, or that supported the existence of a code of silence. In granting the motion to dismiss, the District Court pointed out that "there is no blanket rule that *Monell* plaintiffs must always allege multiple instances of unconstitutional conduct in order to show that a policy exists." *Id.* Context matters, and context sometimes allows for a single instance of misconduct to support a *Monell* claim where it supports an inference that a systemic policy or custom exists. *Id.* at \*3–4. However, in *Jackson*, the court noted that the plaintiff's allegations were specific to the plaintiff and did not suggest a custom or practice. *Id.* at \*4. Rather, the plaintiff "essentially argu[ed] that because he was subjected to excessive force" by the defendant police officer, the Village as a whole had a widespread policy or custom. The court found that this was "too large of a logical leap to make." *Id.*

9

Like *Jackson,* in this case more than one instance must be alleged to make out a plausible inference of the existence of a widespread but unwritten policy or custom of Chicago Police Officers failing to investigate the criminal conduct of off-duty Police Officers like Barnes. Hutton alleges that the investigating Police Officers failed to adequately investigate and/or arrest Barnes because of his status as an off-duty Chicago Police Officer. SAC ¶ 63. Hutton, however, does not point to any other similar misconduct that might suggest the existence of such a custom or policy. That is, Hutton "must set forth some facts that his incident was not an isolated or random occurrence." *Turner*, 2020 WL 1548957 at *2. Hutton has not pled "enough facts to nudge his claim across the line from conceivable to plausible." *Jones*, 2020 WL 814912, at *3 (citing *Twombly*, 550 U.S. at 570). The Court cannot make the logical leap to infer that there is a widespread custom or policy.

## Conclusion

For the foregoing reasons, Defendant City of Chicago's Motion to Dismiss Count VI of Plaintiff's Second Amended Complaint [15] is granted, and the Court dismisses Count VI without prejudice. Plaintiff is granted leave to file an Amended Complaint on or before 03/24/2021. A status hearing is set for 04/01/2021 at 9:30 a.m., but to track the case only (no appearance is required; the case will not be called).

Dated: March 3, 2021

_____
United States District Judge
Franklin U. Valderrama

10